Mr. Wayne L. Helsby Attorney for the Orlando Utilities Commission Barnett Plaza, Suite 740 201 South Orange Avenue Orlando, Florida 32801
Dear Mr. Helsby:
You ask on behalf of the Orlando Utilities Commission substantially the following question:
 Is the Orlando Utilities Commission subject to the provisions of s. 295.07, F.S., et seq., relating to veterans' preference in employment appointment and retention?
In sum, I am of the opinion that:
 The Orlando Utilities Commission is subject to the provisions of s. 295.07, F.S., et seq., relating to veterans' preference in employment appointment and retention.
Section 295.07, F.S., provides in part that "[t]he state and its political subdivisions shall give preference in appointment and retention in positions of employment" to veterans and certain others who meet the statutory requirements.[1] The statute exempts certain positions from its terms, including:
 Those positions in political subdivisions of the state that are filled by officers elected by popular vote or persons appointed to fill vacancies in such offices and the personal secretary of such officer, members of boards and commissions, persons employed on a temporary basis without benefits, city managers and county managers, heads of departments, management positions, policymaking positions, positions which require licensure as a physician, licensure as an osteopathic physician, licensure as a chiropractic physician, and positions which require that the employee be a member of the Florida Bar.[2]
While the term "political subdivision" is not defined in Ch. 295, F.S., the term is generally defined in s. 1.01(8), F.S. (1988 Supp.), for purposes of the Florida Statutes to include:
 [C]ounties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state.
A similar definition of the term "political subdivision" is contained in the rules of the Department of Administration.[3]
Prior to the adoption of Ch. 89-323, Laws of Florida, the department was responsible for promulgating rules to ensure that those persons defined in s. 295.07, F.S., are given special consideration in the employing agency's selection and retention processes.[4] Such rulemaking authority has now been granted to the Department of Veterans Affairs.[5]
You state that the Orlando Utilities Commission (commission) does not appear to fall within the above definition of "political subdivision." The commission was established by special act of the Legislature as a part of the government of the City of Orlando to manage and control the electric and water works of the city.[6]
While the courts have recognized that the commission possesses substantial autonomy to operate the city electric and water system independently from the city,[7] I am not aware of any judicial decision which has held that the commission is not a part of the City of Orlando. In fact, such a conclusion would be contrary to the express language of the enabling legislation for the commission which establishes the commission as a "part of the government of the City of Orlando, Florida. . . ."[8]
You state that the enabling legislation for the commission provides that the commission "shall elect and discharge at their pleasure all employees of said City whose services are performed in any manner in connection with said electric light and water works plants or the operation thereof."[9] While the commission exercises substantial independence from the city with respect to the powers granted to it under the special act, the commission is not beyond the control of the Legislature.
The Legislature, in s. 295.07, F.S., has required the state and its political subdivisions to grant veterans and certain other persons preference in appointment and retention in positions of employment as provided therein. Such a mandate is imposed by the Legislature, not the City of Orlando. As a part of the City of Orlando, the commission clearly appears to fall within the definition of political subdivision which expressly includes municipalities.
Accordingly, I am of the opinion that the Orlando Utilities Commission is subject to the provisions of s. 295.07, F.S., et seq., relating to veterans' preference in employment appointment and retention.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 295.07(1), F.S., as amended by Ch. 89-323, Laws of Florida, granting preference in employment to: (a) Those disabled veterans: 1. Who have served on active duty in any branch of the Armed Forces of the United States, have been separated therefrom under honorable conditions, and have established the present existence of a service-connected disability which is compensable under public laws administered by the U.S. Department of Veterans Affairs, or 2. Who are receiving compensation, disability retirement benefits, or pension by reason of public laws administered by the U.S. Department of Veterans Affairs and the Department of Defense. (b) The spouse of any person who has a total disability, permanent in nature, resulting from a service-connected disability and who, because of this disability, cannot qualify for employment, and the spouse of any person missing in action, captured in line of duty by a hostile force, or forcibly detained or interned in line of duty by a foreign government or power. (c) A veteran of any war who has served on active duty for 181 consecutive days or more, or who has served 180 consecutive days or more since January 31, 1955, and who was discharged or separated therefrom with an honorable discharge from the Armed Forces of the United States of America if any part of such active duty was performed during the wartime era. However, active duty for training shall not be allowable. (d) The unremarried widow or widower of a veteran who died of a service-connected disability. Other provisions in Ch. 295, F.S., provide for veterans' preference in positions where an examination is not utilized, and for reinstatement or reemployment. See, ss.295.085 and 295.09, F.S., as amended by Ch. 89-323, Laws of Florida, respectively.
[2] See, s. 295.07(2)(b), F.S., as amended by Ch. 89-323, Laws of Florida.
[3] See, Rule 22VP-1.004, F.A.C.
[4] See, s. 295.085(2), F.S. (1987).
[5] See, s. 295.085(2), F.S., as amended by Ch. 89-323, Laws of Florida.
[6] See, Ch. 9861, Laws of Florida 1923, as amended by Ch. 10968, Laws of Florida 1925; Ch. 13198, Laws of Florida 1927; Ch. 24758, Laws of Florida 1947; Chs. 31075, 31076, 31077, 31078, 31080, and 31092, Laws of Florida 1955; and Chs. 61-2589, 80-560, 82-343, 82-415, and 86-421, Laws of Florida.
[7] See, Orlando Utilities Commission v. State, 478 So.2d 341
(Fla. 1985), and Gaines v. City of Orlando, 450 So.2d 1174 (5 D.C.A.Fla., 1984).
[8] Section 1, Ch. 9861, Laws of Florida 1923. In addition, in Orlando Utilities Commission v. State, supra, and Gaines v. City of Orlando, supra, where the independence of the commission to operate the electric and water works of the city was upheld, the courts nonetheless stated that the commission was a part of the City of Orlando.
[9] Section 6, Ch. 9861, Laws of Florida 1923, as amended by s. 1, Ch. 31092, Laws of Florida 1955.